# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ANGELA ALLEN,

    Plaintiff

v.

TARGET CORPORATION,

    Defendant

Case No.: 2:17-cv-02204-APG-NJK

**Order**

Plaintiff Angela Allen filed her opposition to defendant Target Corporation's motion for summary judgment under seal. *See* ECF No. 35. Allen did not move for leave to do so and she filed the entire document and all attached exhibits under seal even though there appears to be no reason for that. One deposition that is attached as an exhibit is marked "confidential." But that does not justify sealing the entire filing, nor does it necessarily justify sealing that particular exhibit.

Generally, the public has a right to inspect and copy judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Such records are presumptively publicly accessible. *Id.* A party seeking to seal a judicial record bears the burden of overcoming this strong presumption. *Id.* In the case of dispositive motions, the party seeking to seal the record must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. *Id.* at 1178-79 (alteration and internal quotation marks and citations omitted). Among the compelling reasons which may justify sealing a record are when such court files might have become a vehicle for improper purposes, such as the use of

records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. *Id.* at 1179 (quotation omitted). However, avoiding a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records. *Id.*

I will allow the filing to remain sealed temporarily to allow the parties to confer about what, if any, portions of the opposition and its exhibits should be sealed. If any party determines that any portion of the filing should remain sealed, that party must file a motion to seal along with a proposed redacted version of the filing by January 28, 2019. Any motion to seal must set forth compelling reasons to support sealing those portions.

IT IS THEREFORE ORDERED that the parties shall meet and confer about what, if any, portions of the opposition and its exhibits should be sealed. If a party determines that a portion of the filing should remain sealed, that party must file a motion to seal along with a proposed redacted version of the filing. Any motion to seal must set forth compelling reasons to support sealing those portions.

IT IS FURTHER ORDERED that if a motion to seal is not filed by January 28, 2019, plaintiff Angela Allen's opposition and the attached exhibits (ECF No. 35) will be unsealed.

DATED this 8th day of January, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE